UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

    v.        CAUSE NO. 3:22-CV-1046-DRL-MGG

ALLMAN *et al.*,

    Defendants.

OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, is proceeding in this case against Sgt. Allmon and John Doe 3 "for using excessive force and cruel and unusual punishment against Mr. Johnson on May 3, 2021, in violation of the Eighth Amendment[.]" ECF 12 at 8-9. Specifically, Mr. Johnson alleged the defendants pointed a gun at him and pulled him up a flight of stairs by his arm. *Id.* at 2. Sgt. Allmon filed a summary judgment motion, arguing Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit. ECF 19.[1] Mr. Johnson filed a response, and Sgt. Allmon filed a reply. ECF 29, 30, 31, 34. The summary judgment motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

---

[1] John Doe 3 is still unidentified and has not been served with the lawsuit in this case. Nevertheless, because Mr. Johnson is proceeding against Sgt. Allmon and John Doe 3 on the same claim, the exhaustion arguments raised in the summary judgment motion apply equally to both defendants.

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Sgt. Allmon argues Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance complaining he used excessive force against him on May 3, 2021. ECF 20 at 4-7. Specifically, Sgt. Allmon

2

provides evidence showing the following facts: The Offender Grievance Process gave Mr. Johnson ten business days, or until May 17, 2021, to grieve the May 3 incident. ECF 21-1 at 6; ECF 21-2 at 9 (an inmate must submit a grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint."). During those ten business days, Mr. Johnson filed six grievances, none of which mentioned the defendants' use of force. ECF 21-1 at 6; ECF 21-3 at 12; ECF 21-4 at 1-11. More than a year later, Mr. Johnson filed a grievance complaining he'd received inadequate medical treatment after Sgt. Allmon injured his shoulder, but this grievance did not allege the defendants used excessive force against him on May 3. ECF 21-1 at 6; ECF 21-4 at 60. Mr. Johnson filed additional grievances regarding the medical treatment he received for his shoulder, but none of these grievances complained the defendants used excessive force against him. ECF 21-1 at 6-7; ECF 21-3 at 94; ECF 21-4 at 62. Sgt. Allmon concludes that, because Mr. Johnson never submitted any grievance complaining the defendants used excessive force against him on May 3, he didn't exhaust his available administrative remedies before filing this lawsuit.

In his response, Mr. Johnson concedes he didn't fully exhaust any relevant grievance before filing this lawsuit. The court thus accepts that as undisputed. Instead, he argues his administrative remedies were unavailable for two reasons.

First, Mr. Johnson argues his administrative remedies were unavailable because his cellhouse was on lockdown between April 27, 2021 and May 6, 2021, and he was not allowed any grievance forms or writing utensils during that time. ECF 30 at 4, 7. But Mr. Johnson had until May 17 to timely submit a grievance, and he has not explained why he

3

didn't submit a grievance after the lockdown ended on May 6. Sgt. Allmon provides undisputed evidence Mr. Johnson was able to submit six grievances between May 5 and May 15. *See* ECF 21-3 at 12; ECF 21-4 at 1-11. Moreover, even assuming Mr. Johnson was prevented from timely grieving the May 3 incident, he could have requested a time limit extension to submit his grievance. *See* ECF 21-2 at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review."). Therefore, Mr. Johnson has not shown the lockdown of his cellhouse made his administrative remedies unavailable.

Second, Mr. Johnson argues his administrative remedies were unavailable because he submitted two grievances for which he received no response. ECF 30 at 4, 7-9. Specifically, Mr. Johnson states he submitted an "emergency grievance" to the warden on a request slip and received no response. ECF 30 at 4, 7-8. But the exhibits provided by Mr. Johnson show he submitted only a "Request for Interview" form to the warden, which did not designate itself as an "emergency grievance" or contain any information that would have caused the warden to treat it as an emergency grievance. *See* ECF 29-1 at 22-25; ECF 21-2 at 2 (defining an emergency grievance as a grievance that "if subjected to the normal time limits, could cause the grievant substantial risk of personal injury or irreparable harm"). Accepting as true that Mr. Johnson submitted a "Request for

4

Interview" form to the warden and received no response, this does not show his administrative remedies were unavailable.

Mr. Johnson also argues he submitted a "regular" grievance to the grievance office, but never received any response from the grievance office. ECF 30 at 4. But even accepting as true that Mr. Johnson submitted a grievance and received no response from the grievance office, he provides no evidence he complied with the Offender Grievance Process' requirement to notify the Grievance Specialist of the lack of response and retain a copy of that notice. *See* ECF 21-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days."). Therefore, even accepting as true that Mr. Johnson submitted and never received any response to his "Request for Interview" form and formal grievance, the undisputed facts still show he had available administrative remedies he didn't exhaust.

Accordingly, the undisputed facts show Mr. Johnson never exhausted any grievance complaining the defendants used excessive force against him on May 3, and Mr. Johnson provides no evidence his administrative remedies were unavailable. Sgt. Allmon has met his burden to show Mr. Johnson had available administrative remedies he didn't exhaust before filing this lawsuit. Summary judgment is thus warranted in favor of Sgt. Allmon.

Last, the undisputed facts show John Doe 3 is entitled to summary judgment for the same reasons as Sgt. Allmon. Pursuant to Fed. R. Civ. P. 56(f), the court can grant summary judgment for a nonmovant only after giving notice and a reasonable time to respond. The court gives Mr. Johnson notice it will enter summary judgment in favor of John Doe 3 unless he files a motion on or before March 29, 2024, showing good cause why judgment should not be entered.

For these reasons, the court:

(1) GRANTS Sgt. Allmon's motion for summary judgment, terminating Sgt. Allmon as a party (ECF 19); and

(2) NOTIFIES Brandon Lee Johnson under Fed. R. Civ. P. 56(f) that the court will enter summary judgment in favor of John Doe 3 unless he files a motion showing good cause on or before March 29, 2024.

SO ORDERED.

March 11, 2024                             *s/ Damon R. Leichty*
                                            Judge, United States District Court