UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

  v.                                    CAUSE NO. 3:22-CV-1046 DRL-SJF

ALLMAN *et al.*,

    Defendants.

## OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, moves the court for reconsideration from its order granting summary judgment in favor of Sgt. Allmon. ECF 39. He also moves the court for appointment of counsel. ECF 40, ECF 52. The court granted summary judgment in favor of Sgt. Allmon because the undisputed facts showed Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit. ECF 38. Specifically, the court concluded it was undisputed Mr. Johnson didn't fully exhaust any grievance related to his claim that Sgt. Allmon used excessive force against him on May 3, 2021. *Id.* The court also rejected Mr. Johnson's arguments that his administrative remedies were unavailable, concluding that: (1) the "Request for Interview" form Mr. Johnson submitted to the warden was not a valid Emergency Grievance, as it was not submitted on the correct form and did not designate itself or contain any indication that it was an Emergency Grievance, and (2) accepting as true that Mr. Johnson submitted "regular" grievances to the grievance office and never received any receipt or response, he provided no evidence he complied with the Offender Grievance Process' requirement

to follow up with the Grievance Specialist and notify him of the lack of response to his grievances. *Id.* at 3-5; *see* ECF 21-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days").

In his motion for reconsideration, Mr. Johnson argues the court erred in granting summary judgment in favor of Sgt. Allmon for three reasons. First, Mr. Johnson argues he had to submit his Emergency Grievance on a "Request for Interview" form because he was unable to obtain any grievance forms at that time. ECF 39 at 3-4. But the record belies this assertion. As noted in the court's order granting summary judgment, it's undisputed Mr. Johnson submitted six grievances in the ten-day period following Sgt. Allmon's May 3, 2021, use of force, none of which complained of Sgt. Allmon's use of force. ECF 38 at 2-3; ECF 21-1 at 6; ECF 21-3 at 12; ECF 21-4 at 1-11. Because it's undisputed Mr. Johnson had access to grievance forms during this time frame, he hasn't shown he was prevented from submitting a grievance complaining of Sgt. Allmon's use of force. Second, Mr. Johnson reiterates his argument that he submitted "regular" grievances regarding Sgt. Allmon's use of force and received no receipt or response from the grievance office. ECF 39 at 4-5, 7-8. But the court already addressed this argument in its order granting summary judgment, noting that Mr. Johnson provided no evidence he complied with the Offender Grievance Process requirement to follow up with the Grievance Specialist and notify him of the lack of response to his grievances. ECF 38 at 5; *see Caisse Nationale de*

2

*Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"). Last, Mr. Johnson argues the Offender Grievance Process failed to inform him of the next steps to take in the grievance process once he submitted a grievance and didn't receive any response. ECF 39 at 7-8. But Mr. Johnson could have raised this argument in his response to the summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"). Mr. Johnson never argued in his response to the summary judgment motion that he lacked knowledge of the Offender Grievance Process. *See* ECF 29, ECF 30, ECF 31.

Accordingly, Mr. Johnson has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of Sgt. Allmon. His motion to alter or amend the judgment (ECF 39) will be denied. And because the court is denying the motion to alter or amend the judgment, the motions for appointment of counsel (ECF 40, 52) are unnecessary and will be denied as moot.

In its order granting summary judgment, the court noted the undisputed facts showed defendant John Doe 3 was entitled to summary judgment for the same reasons as Sgt. Allmon, and granted Mr. Johnson until March 29, 2024, to file a motion showing good cause why judgment shouldn't be entered for John Doe 3. ECF 38 at 6. Because the court now confirms judgment is warranted in favor of Sgt. Allmon, and Mr. Johnson

hasn't filed any motion showing cause as to why judgment shouldn't be entered for John Doe 3, the court enters summary judgment in favor of John Doe 3.

For these reasons, the court:

(1) DENIES Brandon Lee Johnson's motion to alter or amend the judgment (ECF 39);

(2) DENIES AS MOOT Brandon Lee Johnson's motions for appointment of counsel (ECF 40, 52); and

(3) DIRECTS the clerk to enter judgment in favor of all defendants and against Brandon Lee Johnson and to close this case.

SO ORDERED.

October 4, 2024                             *s/ Damon R. Leichty*
                                            Judge, United States District Court